UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LORETTA LIDDELL, parent of D.L., J.V.R., L.L.D.,
L.L.D., P.R.L., P.R.L., minors; D. L., a minor child
by Loretta Liddell, parent; J.V.R., a minor child
by Loretta Liddell, parent; L.L.D., a minor child
by Loretta Liddell, parent; L.L.D., a minor child
by Loretta Liddell, parent; P.R.L., a minor child
by Loretta Liddell, parent; P.R.L., a minor child
by Loretta Liddell, parent;

     Plaintiffs,

                     Case Number 07-12704-BC
v.                       Honorable Thomas L. Ludington

REGINA SOBRINO, Administrative Law Judge;
LINDA S. MCMAHON, Deputy Commissioner;
MARIANNE ODOW; Director of Human Services,
Saginaw County Department of Human Services
Director; HONORABLE CHARLES E. BINDER,
United States Magistrate Judge;

     Defendants.
_____ /

## ORDER DENYING PLAINTIFFS' "PETITION FOR OBSERVATION AND ACTION," DENYING PLAINTIFFS' APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND DIRECTING THE CLERK TO RESTRICT THE ELECTRONIC DISPLAY OF PLAINITFFS' APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND PETITION

  This matter is before the Court on Plaintiffs' complaint entitled "Petition for Observation Hearings and Action Under Civil Rights" and an application to proceed *in forma pauperis*. Plaintiffs' petition alleges various constitutional violations and seeks relief under a criminal statute, 18 U.S.C. § 241.

  Previously, Plaintiffs filed a separate, similar action and application to proceed *in forma pauperis*. The Court referred the application to proceed *in forma pauperis* to Magistrate Judge Charles E. Binder. In that case, as here, Plaintiffs, Loretta Liddell and her six minor children, filed

"Petition for Observation Hearings and Action Under Civil Rights 18 U.S.C.A. 241." Pursuant to his screening function, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), the magistrate judge concluded that Plaintiffs failed to state a claim upon which relief could be granted because 18 U.S.C. § 241, a criminal provision, provided no private right of action. This Court adopted the magistrate judge's report and recommendation over Plaintiffs' objections on April 5, 2007.

As noted, the instant lawsuit bears the same title and essential asserts the same factual basis and legal theories. Like the previous case, Plaintiffs appear to seek relief under 18 U.S.C. § 241. Thus, the present complaint suffers in the first instance from the same deficiency that the magistrate judge noted and with which this Court agreed: the Court cannot grant the relief requested even under the well-established rule that *pro se* complaints be construed liberally, *see Haines v. Kerner*, 404 U.S. 519 (1972), because the statute provides for no private right of action.

Even if the Court were permitted to construe the complaint as seeking relief under 42 U.S.C. § 1983, Plaintiffs would fare no better. Because they again filed an application to proceed *in forma pauperis*, the Court is required to screen the complaint and "shall dismiss" the case if no viable cause of action is discernable. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although the Court construes the complaint liberally, Plaintiffs are not exempted from pleading facts that give rise to each material element of their claims. As the Supreme Court recently emphasized, a complaint must provide more than "labels and conclusions . . . [f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

Here, Plaintiffs make four allegations: (i) "defendants in this matter, incorporated to deprive the mild mentality impaired petitioner of her children, and beneficiary claims;" (ii) "the Defendant has state 'that African-Americans families need realization.' the quote seem to be race motivated;"

(iii) that "one of the petitioner children is being held illegally by the State of Iowa under orders of the State of Michigan;" and (iv) that the magistrate judge "is bias against most African American cases" and "has refused to acknowledge that one of the Petitioner children, is being held illegally by the State of Iowa." Even a cursory review of the complaint demonstrates that Plaintiffs have failed to allege any specific facts supporting these conclusions or establishing the manner in which their rights were violated. The complaint therefore states no claim upon which relief can be granted, and the Court the will dismiss the case and deny the application to proceed *in forma pauperis.*

Additionally, Plaintiffs included the names, social security numbers, and birth dates of the six minor children in their petition and application to proceed *in forma pauperis*. Administrative Order No. 05-AO-025, Re: Privacy Protection for Civil Filings Made with the Court - Compliance with E-Government Act [44 U.S.C. §§ 3601, *et seq*.] (Dec. 8, 2005), imposes requirements on parties in civil cases to ensure privacy protection. Specifically, this administrative order prohibits parties in civil cases from including social security numbers, a minor's name, or birth dates in a Court filing. Despite the court order issued dismissing her previous claim, Plaintiffs' filings include such information. In the interest of protecting the privacy of minor children, the Court will restrict the public viewing of Plaintiffs' petition and application to proceed *in forma pauperis* until further order of the Court.

Plaintiffs are again directed that Court filings should not include social security numbers, full names of minors, or full birthdates. *See* Admin. Ord. No. 05-AO-025. If a filing must include certain private information at all, the filing should be redacted to list only the last four digits of a social security number, only the initials of a minor, and only the year of birth. *Id.*

Accordingly, it is **ORDERED** that the Plaintiffs' application to proceed *in forma pauperis*

[dkt # 2] is **DENIED**, and the case is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the Clerk is **DIRECTED** to restrict the electronic display of Plaintiffs' petition [dkt # 1] and application to proceed *in forma pauperis* [dkt #2 ].

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 17, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 17, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS

---